1  **BRUCE B. PALLER, SBN:189108**
   LAW OFFICES OF BRUCE B. PALLER
2  3639 E. Harbor Blvd., Suite 112
   Ventura, CA 93001-4276
3  T(805) 654-1010
   F(805) 654-9090
4  brucepaller@hotmail.com

5  Attorney for Defendants
   THE HISTORICAL REAL AND FINANCE CO., GREG CLARK, and PAT DOWNEY

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION (RIVERSIDE)

| | |
|---|---|
| WILLIAM L. PROTZMANN, an an individual and WILLIAM L. PROTZMANN, Trustee of the WILLIAM L. PROTZMANN TRUST, u/d/t June 1, 2006<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>THE HISTORICAL REAL ESTATE AND FINANCE, a corporation, GREG CLARK, an individual, PAT DOWNEY, an individual, LAWYERS TITLE COMPANY, a corporation, DAWN HOGAN, an individual, WELLS FARGO BANK, a corporation, WASHINGTON MUTUAL BANK, FA, a corporation, and JOHN DOES 1-10; JANE DOES 1-10; DOES PARTNERSHIPS 1-10; DOES CORPORATIONS 1-10; and OTHER ENTITIES 1-10,<br><br>　　　　　Defendants. | CASE NO. CV 08 03385 SJO (JCx)<br><br>ANSWER OF DEFENDANTS THE HISTORICAL REAL ESTATE AND FINANCE, a corporation, GREG CLARK, an individual, PAT DOWNEY, an individual<br><br>JURY TRIAL DEMANDED<br><br>Complaint filed: 5/22/08 |

Defendants **THE HISTORICAL REAL AND FINANCE COMPANY, a corporation; ("HISTORICAL FINANCE"), GREG CLARK, an individual, and PAT DOWNEY, an individual** file their Answer to the Complaint

---
ANSWER OF DEFENDANTS           Page -1-

of plaintiffs WILLIAM L. PROTZMANN, an individual, WILLIAM L. PROTZMANN, Trustee of the WILLIAM L. PROTZMANN TRUST, u/d/t June 1, 2006 and pleads as follows:

1. Paragraphs 1,2,3,4, 5, and 6 state conclusions of law which require no answer. Insofar as answers may be deemed required, the allegations therein are denied by these answering defendants.

2. Paragraph 7 is not directed at these answering defendants and is therefore, denied on lack of information and knowledge.

3. Paragraphs 8,9, 10, 11 and 12 state conclusions of law which require no answer. Insofar as answers may be deemed required, the allegations therein are denied by these answering defendants.

4. Paragraph 13 is are not directed at these answering defendants and is therefore, denied on lack of information.

5. The allegations in Paragraph Nos. 14, 15, 16, 17, and 18 are denied by these answering defendants.

6. The allegations in Paragraph No. 19 is admitted by these answering defendants, except the allegation "[a]s a result," which is specifically denied.

7. The allegations in Paragraphs Nos. 20 and 21 are denied by these answering defendants.

8. Paragraphs Nos. 22 and 23 are not directed at these answering defendants and are therefore, denied on lack of information and knowledge.

9. The allegations in Paragraph No. 24 is admitted, except the allegations in the last sentence of Paragraph 24 is specifically

denied by these answering defendants.

10. These answering defendants admit the allegations in Paragraphs Nos. 25 and 26.

11. Paragraph No. 27 is not directed at these answering defendants and is therefore, denied on lack of information and knowledge.

12. These answering defendants deny the allegations in paragraph No. 28.

13. These answering defendants admit the allegations in Paragraph Nos. 29 30, and 31.

14. Paragraph 32 is not directed at these answering defendants and is therefore, denied on lack of information and knowledge.

15. These answering defendants deny the allegations in Paragraph No. 33, the Final Settlement Statement is believed to have been mailed to Plaintiffs by the escrow division at Lawyers Title.

16. Paragraph No. 34 is not directed at these answering defendants and is therefore, denied on lack of information and knowledge.

17. These answering defendants deny the allegations in Paragraph No. 35.

18. The allegations in Paragraph No. 36 are denied by these answering defendants.

19. The allegations in Paragraphs No. 37 are admitted by these answering defendants, except the allegation "[i]n response," is denied since the email was in response not to an email dated June

11, 2007, but to a different email dated June 12, 2007.

20. These answering defendants deny the allegations in Paragraph No. 38 that Plaintiff questioned the continued unauthorized appearance of Wells Fargo Bank Account #986-5719893 on Plaintiff's online banking dashboard.

21. The allegations in Paragraphs Nos. 39 and 40 are denied by these answering defendants.

22. Based on lack of knowledge and information these answering defendants deny the allegations in Paragraph No. 41.

23. Based on lack of knowledge and information these answering defendants deny the allegations in Paragraph Nos. 42 through 71, inclusive.

**COUNT I**

24. In answer to Paragraph 72, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials, or such other responses set forth to Paragraphs 1 through 71.

25. As to Paragraph 73, these answering defendants deny singular, and generally and specifically each and every allegation set forth therein.

**COUNT II**

26. In answer to Paragraph 74, these answering defendants repeat, reallege, and incorporate by this response all of their admissions, denials or such other responses set forth to Paragraphs 1 through 73.

27. As to Paragraph Nos. 75 through 80, these answering defendants deny singular, and generally and specifically each and

ANSWER OF DEFENDANTS        Page -4-

every allegation set forth therein.

## COUNT III

28. In answer to Paragraph 81, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or such other responses set forth to paragraphs 1 through 80.

29. As to paragraph 82, these answering defendants deny singular, and generally and specifically each and every allegation set forth therein.

30. As to paragraph 83, these answering defendants deny singular, and generally and specifically each and every allegation set forth therein.

## COUNT IV

31. In answer to Paragraph 84, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 83.

32. Count IV and Paragraphs 85 to 87 therein, are not specifically directed to these answering defendants and therefore requires no answer; however, insofar as such allegations may relate to these answering defendants an answer may be deemed required, the allegations are denied each and all, generally and specifically.

## Count V

33. In answer to Paragraph 88, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to

Paragraphs 1 through 87.

34.  Count V and Paragraphs 88 to 90 therein, are not specifically directed to these answering defendants and therefore requires no answer; however, insofar as such allegations may relate to these answering defendants an answer may be deemed required, the allegations are denied each and all, generally and specifically.

## COUNT VI

35.  In answer to Paragraph 91, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 90.

36.  As to Paragraphs 92 to 93, these answering defendants deny the allegations each and all, generally and specifically.

## COUNT VII

37.  In answer to Paragraph 94, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 90.

38.  As to Paragraphs 95 to 96, these answering defendants deny the allegations each and all generally and specifically.

## COUNT VIII

39.  In answer to Paragraph 97, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 96.

40.  Count VII and Paragraphs 98 and 99 are not specifically

1 directed to these answering Defendants and therefore requires no
2 answer; however, insofar as such allegations may relate to these
3 answering defendants an answer may be deemed required, the
4 allegations are denied.

### Count IX

41. In answer to Paragraph 100, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 99.

42. Count IX and Paragraph 101 is not specifically directed to these answering Defendants and therefore requires no answer; however, insofar as such allegations may relate to these answering defendants an answer may be deemed required, the allegations are denied.

### COUNT X

43. In answer to Paragraph 102, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 101.

44. As to Paragraph 103, these answering defendants deny singular, generally and specifically each and every allegation set forth therein.

45. As to Paragraph 104, these answering defendants deny singular, generally and specifically each and every allegation set forth therein.

46. As to Paragraph 105, these answering defendants deny singular, generally and specifically each and every allegation

set forth therein.

47. As to Paragraph 106, these answering defendants deny singular, generally and specifically each and every allegation set forth therein.

## COUNT X

48. In answer to Paragraph 107, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 106. These answering defendants note that the Complaint contains two counts identified as Count X.

49. As to Paragraph 108, these answering defendants deny singular, generally and specifically each and every allegation set forth therein.

## COUNT XI

50. In answer to Paragraph 109, these answering defendants repeat, reallege and incorporate by this response all of their admissions, denials or other such responses set forth to Paragraphs 1 through 108.

51. As to Paragraph 110, these answering defendants deny singular, generally and specifically each and every allegation set forth therein.

52. As to Paragraph 111, these answering defendants deny singular, generally and specifically each and every allegation set forth therein.

## COUNT XII

53. In answer to Paragraph 112, these answering defendants repeat, reallege and incorporate by this response all of their

admissions, denials or other such responses set forth to Paragraphs 1 through 111.

54. As to Paragraph 113, these answering defendants deny singular, and generally and specifically each and every allegation set forth herein.

**PRAYER FOR RELIEF**

55. In response to Paragraph A of Plaintiffs' Prayer for Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

56. In response to Paragraph B of Plaintiffs' Prayer for Relief, these answering defendants deny each an all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

57. In response to Paragraph C of Plaintiffs' Prayer for Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

58. In response to Paragraph D of Plaintiffs' Prayer for Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

59. In response to Paragraph E of Plaintiffs' Prayer for

Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

60. In response to Paragraph F of Plaintiffs' Prayer for Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

61. In response to Paragraph G of Plaintiffs' Prayer for Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

62. In response to Paragraph H of Plaintiffs' Prayer for Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

63. In response to Paragraph I of Plaintiffs' Prayer for Relief, these answering defendants deny each and all of the claims for the relief requested therein, and deny generally and specifically that Plaintiffs were damaged in the sums alleged or in any sum at all.

## AFFIRMATIVE DEFENSES

These answering defendants allege as affirmative defenses to the Complaint:

64. As a separate and distinct affirmative defense, defendants asserts that the complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against these answering defendant.

65. As a separate and distinct affirmative defense, defendants assert that the Complaint, and each cause of action therein, is barred by the applicable statutes of limitations.

66. As a further separate and distinct affirmative defense, Plaintiffs' Complaint and each and every purported cause of action contained therein is barred due to plaintiffs' failure to mitigate their damages, if any.

67. As a further separate and distinct affirmative defense, Plaintiffs' Complaint and each and every purported cause of action contained therein is barred under the doctrine of Unclean Hands.

68. As a further separate and distinct affirmative defense, Plaintiff's Complaint and each and every purported cause of action contained therein is barred by the doctrine of Estoppel.

69. As a further separate and distinct affirmative defense, Plaintiffs' Complaint and each and every purported cause of action contained therein is barred by the doctrine of Laches.

70. As a further separate and distinct affirmative defense, Plaintiffs' consented to or authorized, either expressly or implicitly, some or all of the conduct alleged in their Complaint.

71. As a further separate and distinct affirmative defense, Plaintiffs', by actions and/or words, has waived their right to assert each and every purported cause of action in the Complaint.

72. As a further separate and distinct affirmative defense, Plaintiffs', by actions and/or words, has expressed and/or implied their acquiescence to the activities and conduct alleged in the Complaint.

73. As a further separate and distinct affirmative defense, the Complaint is barred by the Statute of Frauds.

74. As a further separate and distinct affirmative defense, the sole and proximate cause of the incident, if any, complained of by plaintiff in the Complaint was due to the act and/or omissions of persons and entities other than these answering defendants.

75. As a further separate and distinct affirmative defense to the Complaint, and to each and every cause of action therein, these answering defendants allege that Plaintiffs have suffered no damages in connection with the claims asserted in the Complaint.

76. As a separate and distinct affirmative defense, these answering defendants allege that the Complaint was not filed with reasonable cause and in the good faith belief that there was a justiciable controversy under the facts and law which warranted the filing of the Complaint.

77. As a further separate and distinct affirmative defense,

these answering defendants assert that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action for equitable relief against these answering defendants.

78. As a further separate and distinct affirmative defense and counterclaim. These answering defendants assert that the damages which plaintiffs purport to have sustained must be reduced or setoff by any amounts owed by plaintiffs to these answering defendants.

79. As a further separate and distinct affirmative defense, these answering defendants assert that it had exercised due care and diligence in all of the matters alleged in the Complaint and no act or omission by them was the proximate cause of any damage, injury or loss to Plaintiffs.

80. As a further separate and distinct affirmative defense, these answering defendants assert that the Complaint, and each cause of action therein, fails to state facts sufficient to justify an award of punitive damages against these answering defendants.

81. As a further separate and distinct affirmative defense, these answering defendants assert that the provisions of California law allowing, for the award of punitive damages. and the substantive and procedural, rules for determining whether to award them, and if so, in what amounts, violates the rights of these answering defendants under the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1. Section 7 and Article

ANSWER OF DEFENDANTS        Page -13-

IV, Section 16 of the California Constitution.

82. As a further separate and distinct affirmative defense, these answering defendants allege that said Complaint, to the extent that it seeks punitive or exemplary damages, violates the rights of these answering defendants to protection from "excessive fines" as provided in the Fifth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of California, and violates the rights of these answering defendants to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

83. As a further separate and distinct affirmative defense, these answering defendants allege that Plaintiffs are barred from asserting the claims alleged in their Complaint because these answering defendants complied with all applicable laws.

84. As a further separate and distinct affirmative defense, Defendants are informed and believes, and upon such information and belief alleges, that plaintiffs were provided with a full and complete disclosure concerning each of the transactions alleged in plaintiffs' Complaint, and all aspects thereof, and upon said disclosure, knowingly and willfully chose to enter into those transactions. Plaintiffs are therefore barred from preceding with this action.

85. As a further separate and distinct affirmative defense, these answering defendants allege that Plaintiffs are barred

from asserting the claims alleged in their Complaint by the statutory safe harbors contained in RESPA and elsewhere in federal law and in the California Financial Code and elsewhere in California law.

86. As a further separate and distinct affirmative defense, Plaintiffs' Complaint and each and every purported cause of action contained therein is barred by the doctrine of Unjust Enrichment.

87. As a further separate and distinct affirmative defense, Defendants are informed and believes, and upon such information and belief alleges, that plaintiffs solicited and received independent advice from third parties prior to entering into any of the transactions alleged in plaintiffs' Complaint and following the receipt of such advice did then knowingly and willfully enter into the transactions alleged in plaintiffs' Complaint. Plaintiff is therefore barred from preceding with this action.

88. As a further separate and distinct affirmative defense, these answering defendants allege that plaintiffs are estopped to complain of the matters and events alleged in their Complaint and any damage or injury sustained by them in that Complaint is based upon an attempt to mislead the Court by an untruthful pleading, is filed other than in good faith, and in attempt to coerce and extract an unfair advantage in a civil action, is frivolous, for purposes of harassment, violation of Code of Civil Procedure §§ 128, 128.5, 128.7, and these defendant should be entitled to an award of attorney's fees and

ANSWER OF DEFENDANTS        Page -15-

costs against plaintiffs and their attorneys as may be determined by this court.

89. As a further separate and distinct affirmative defense, these answering defendants conduct and practice was not "unlawful" within the meaning of federal and California law.

90. As a further separate and distinct affirmative defense, to the extent there was a violation of the law as alleged, it was the result of a bona fide error.

91. As a further separate and distinct affirmative defense, these answering Defendants deny all allegations of the Complaint not specifically admitted in this Answer.

92. As a further separate and distinct affirmative defense, these answering defendants lack knowledge and information sufficient to determine the truth of the allegations asserted against them and may therefore have additional affirmative defenses available to it and therefore reserve their right to assert additional affirmative defenses in the event discovery indicates that they are available.

Pursuant to Rule 38(b) of the Fed R Civ P, Defendants **HISTORICAL FINANCE, GREG CLARK, and PAT DOWNEY** request a trial by jury on all issues.

**Wherefore**, Defendants **HISTORICAL FINANCE, GREG CLARK, and PAT DOWNEY** pray for judgment as follows:

1. That plaintiffs take nothing by virtue of the Complaint and that it be dismissed with prejudice;

2. That judgment be entered in favor of **HISTORICAL FINANCE, GREG**

**CLARK, and PAT DOWNEY;**

3. That **HISTORICAL FINANCE, GREG CLARK, and PAT DOWNEY** recover cost of suit and attorneys' fees; and

4. The Court afford additional relief to **HISTORICAL FINANCE, GREG CLARK, and PAT DOWNEY** that the Court deems just.

Dated: July 28, 2008        Respectfully submitted,

                            LAW OFFICES OF BRUCE B. PALLER


                            By: /S/ Bruce B. Paller
                                BRUCE B. PALLER, Attorney for
                                Defendants **THE HISTORICAL REAL AND FINANCE COMPANY; GREG CLARK, and PAT DOWNEY**